IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAO SAECHAO,

        Plaintiff,

    v.

BRIDGETOWN NATURAL FOODS, LLC; and GRACO INC.,

        Defendants.

Case No. 3:25-cv-1336-SI

**ORDER**

**Michael H. Simon, District Judge.**

After suffering a personal injury at his workplace, Kao Saechao, a citizen of Oregon, sued both his employer, Bridgetown Natural Foods, LLC ("Bridgetown"), and the manufacturer of the allegedly defective equipment that caused his injury, Graco, Inc. ("Graco"). Saechao filed his lawsuit in Oregon state court, and Graco removed the case to this court, invoking diversity jurisdiction. Saechao sought remand, arguing that because Bridgetown is an Oregon company, complete diversity was lacking. The Court denied Plaintiff's motion after finding fraudulent joinder. The Court held that Saechao could not maintain his lawsuit against his employer, Bridgetown, under Oregon's Workers' Compensation laws because he had failed adequately to allege that Bridgetown intended to injure him. The Court gave Saechao leave to replead, and he

PAGE 1 – ORDER

then filed a First Amended Complaint ("FAC"). Now before the Court is Bridgetown's motion to dismiss that pleading on the same grounds. For the reasons stated below, the Court grants Bridgetown's motion.

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

PAGE 2 – ORDER

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

Saechao is an Oregon citizen, employed by Bridgetown, a Delaware LLC with its principal place of business in Oregon. At its manufacturing facility in Portland, Bridgetown uses the Saniforce Drum Unloader (also known as a "Jelly Pump"), which is made by Graco, a Minnesota corporation with its principal place of business in Minnesota. On June 23, 2025, while trying to fix the jelly pump, the shaft of the machine unexpectedly drove down onto Plaintiff's thumb, amputating it.

In his FAC, Saechao alleges that Bridgetown acted with an "intent to injure" him, making his claim against his employer actionable under Or. Rev. Stat. ("ORS") 656.156. Against Graco, Saechao alleges claims of strict products liability and negligence under Oregon tort law. The Court previously dismissed Saechao's original Complaint against Bridgetown after concluding that under Oregon's Workers' Compensation Law, ORS § 656.018, an employer is shielded from civil liability for injuries on the job unless the circumstances of that injury fall into at least one of a handful of exceptions. ECF 19 at 5 (citing *Panpat v. Owens-Brockway Glass Container, Inc.*, 334 Or. 342, 348 (2002) ("When the Workers' Compensation Law provides the basis for a compensable injury claim, then that remedy is exclusive and the worker cannot seek a tort remedy instead.")).

Saechao now argues that his claim falls within an exception to this exclusivity rule: "[i]f injury or death results to a worker from the *deliberate intention* of the employer of the worker to produce such injury or death, the worker . . . may take under this chapter, and also have a cause

PAGE 3 – ORDER

for action against the employer." Or. Rev. Stat. § 656.156(2) (emphasis added). As noted, the Court previously dismissed Saechao's Complaint against Bridgetown because he failed adequately to allege, as required under this exception, "that [Bridgetown] determined to injure [him], that is, had a specific intent to injure [him]; that [Bridgetown] acted on that intent; and that [Plaintiff] was, in fact, injured as a result of [Bridgetown's] actions." *Kilminster v. Day Mgmt. Corp.*, 323 Or. 618, 630 (1996); *see also Davis v. U.S. Emps. Council, Inc.*, 147 Or. App. 164, 168-69 (1997); *McLean v. Pine Eagle Sch. Dist., No. 61*, 194 F. Supp. 3d 1102, 1125-26 (D. Or. 2016).

In his FAC, Saechao has added the following allegations:

- Bridgetown had substantial notice that Bridgetown's employees did not know how to safely use and repair "production equipment, including the jelly pump," in part because Saechao informed his supervisors of this deficiency on multiple occasions. FAC ¶¶ 8-9, 16, 24.

- Bridgetown required strict production quotas that it knew had the effect of pressuring its employees to perform tasks for which they were not qualified and that these quotas, together with fear of employer retaliation, had the effect of deterring employees from reporting "safety concerns, near misses, or injuries." *Id.* ¶¶ 9, 14.

- Bridgetown did not conduct meaningful safety meetings but, instead, "held production meetings, where injuries and near misses were discussed in terms of reduced output." *Id.* ¶ 15.

## DISCUSSION

Saechao's new allegations still are insufficient to state a claim. The new facts he alleges would not, even if true, suffice to show that Bridgetown *intended* to injure him as required to meet the demanding standard of ORS § 656.156(2). "If injury or death results to a worker from *the deliberate intention of the employer of the worker to produce such injury or death*, the worker . . . may take under this chapter, and also have cause for action against the employer, as if such statutes had not been passed, for damages over the amount payable under those statutes." ORS § 656.156(2) (emphasis added). To meet this intent-to-injure exception, "there must be a

PAGE 4 – ORDER

specific intent, and not merely carelessness or negligence, however gross." *Jenkins v. Carman Mfg. Co.*, 79 Or. 448, 453-54 (1916); *see also Heikkila v. Ewen Transfer Co.*, 135 Or. 631, 634 (1931). As the *Jenkins* court explained when discussing the negligent failure to repair a broken lumber roller that later injured a worker, "[i]f defendant deliberately intended to wound plaintiff or his fellow workmen and intentionally used this broken roll as he would have used an axe or a club to produce the intended injury, it is liable; otherwise it is not." 79 Or. at 452.

Even without a well-pleaded allegation of specific intent to injure, Oregon courts have inferred that a defendant intended to injure or kill an employee from factual allegations that show that injury was certain to occur and that the employer knew of that certainty. *See, e.g., Kilminster*, 323 Or. at 631-33; *see also Eriksen v. Saelm-Keizer Sch. Dist.*, 2025 WL 1019757, at *8 (D. Or. Apr. 4, 2025) (holding that "the *Kilminster* Court first looked at the certainty of injury and then concluded a reasonable jury could infer from those allegations that the employer 'wished to injure or kill decedent.'" (*quoting* 323 Or. at 633)).

In his FAC, Saechao has not expressly alleged that Brodgetown had the specific intent to harm him. Thus, the Court must grant Bridgetown's motion to dismiss unless the Court reasonably can infer from what Saechao has alleged that injury to an employee such as Saechao was *certain to occur* and that Bridgetown *knew of that certainty*. The Court, however, still cannot reasonably make that inference from Saechao's allegations. Bridgetown's production quotas and allegedly poorly executed safety meetings, insufficient training, lack of oversight of machine operators, and lack of an available operating manual for the jelly pump, may show a pattern of grossly negligent conduct. Further, that Bridgetown allegedly knew about these safety deficiencies, both because Saechao told them and because of various investigations into Bridgetown's practices, similarly may show Bridgetown's wanton lack of care. But nothing in

PAGE 5 – ORDER

Plaintiff's FAC reasonable suggests that Bridgetown wielded the allegedly defective pump "as [it] would have used an axe or a club," to intentionally cause injury, let alone to amputate Saechao's thumb. Moreover, Saechao's statements indicating that injury was "certain to occur" and that Bridgetown "knew of that certainty" are nothing more than conclusory assertions; they are not well-pleaded allegation. Thus, they must be disregarded. Saechao had worked with the pump for years without incident, and his generalized complaints about issues with Bridgetown's equipment are not at all like the specific warnings that preceded the plaintiff's death in *Kilminster*.

In response to Defendant's Motion to Dismiss, Saechao argues that the Court should not require "heightened fact pleading of specifics" but rather only "enough factual content to allow the court to draw a *reasonable inference* that defendant is liable for the alleged misconduct." ECF 36 at 4 (citing *Bell Atl. Corp.*, 550 U.S. at 570, and *Iqbal*, 556 US at 678). The Court agrees with Saechao's articulation of the pleading standard and requires no heightened standard here. As explained above, however, the Court disagrees that Saechao has met the required standard. He simply has not alleged enough factual content plausibly to allow the Court to draw a reasonable inference of Bridgetown's intent to injure.

Bridgetown asks the Court to dismiss Plaintiff's FAC with prejudice. Dismissal with prejudice and without leave to amend is appropriate when further amendment would be futile. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Courts also dismiss complaints with prejudice after a plaintiff has been afforded an opportunity to amend and still fails to state a claim after amendment. *See, e.g.*, *Stewart v. Mortg. Elec. Registration Sys., Inc.*, 2010 WL 1055131 (D. Or. Feb. 9, 2010), *adopted* 2010 WL 1054775 (D. Or. Mar. 19, 2010); *Morton v. Phoenix Police Dep't*, 2015 WL 1737667 (D. Ariz. Apr. 16, 2015); *Rodriguez*

PAGE 6 – ORDER

*v. Ampco Parking Sys.*, 2010 WL 3061600 (W.D. Wash. Aug. 2, 2010); *Gusman v. Mod. Adjustment Bur.*, 2011 WL 2580358 (C.D. Cal. June 29, 2011). Although Saechao already has had one opportunity to amend his Complaint, the Court will grant him leave to try one further time.

## CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss, ECF 33. If Plaintiff believes that he can cure the deficiencies identified herein, he may file a Second Amended Complaint not later than two weeks from the date of this Order.

**IT IS SO ORDERED.**

DATED this 23rd day of March, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge