IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KAO SAECHAO**, a resident of Oregon, | Case No. 3:25-cv-1336-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **BRIDGETOWN NATURAL FOODS, LLC,** an Oregon Corporation; and **GRACO, INC.,** a Foreign Corporation, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Kao Saechao, a citizen of Oregon, originally sued both his employer, Bridgetown Natural Foods, LLC ("Bridgetown"), and the manufacturer of an allegedly defective industrial pump, Graco, Inc. ("Graco"), in Oregon state court. Plaintiff alleged that he suffered a workplace injury while using the Graco pump. Graco removed the action court based on diversity jurisdiction. Plaintiff moved to remand, arguing that Bridgetown is an Oregon company and, thus, there was not complete diversity of citizenship. The Court denied Plaintiff's motion to remand after finding Bridgetown was fraudulently joined. ECF 19. The Court explained that Oregon's worker compensation law preclude claims of an employee against an employer for a

PAGE 1 – ORDER

workplace injury unless the employee can show that the employer intended to injure the employee and Plaintiff had not adequately made such a showing. *Id.* The Court also granted Bridgetown's motion to dismiss the original Complaint and allowed Plaintiff to replead. ECF 30. Plaintiff then filed a First Amended Complaint ("FAC"). The Court later granted Bridgetown's motion to dismiss the FAC on the same basis as the Court's denial of Plaintiff's motion to remand, and again gave Plaintiff leave to replead. ECF 41. Plaintiff then filed a Second Amended Complaint ("SAC"), ECF 42. Now pending before the Court is Bridgetown's motion to dismiss the SAC, ECF 46. For the reasons stated below, the Court grants Bridgetown's motion and dismisses with prejudice Plaintiff's claims against Bridgetown. The case may proceed, however, against Graco.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a

PAGE 2 – ORDER

plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

The facts of this case are known to the parties, having been presented and discussed in the Court's previous orders denying Plaintiff's motion to remand (ECF 19), granting Defendant's motion to dismiss the original Complaint (ECF 30), and granting Defendant's motion to dismiss the FAC (ECF 41). In Plaintiff's SAC (ECF 42), Plaintiff includes several new allegations, including:

- Bridgetown controlled overnight staffing decisions and "chose not to call in a replacement supervisor or lead even though it knew the jelly pump had been disassembled and washed during the day shift and would need to be reassembled before Line 5 could resume production." SAC ¶ 5. Bridgetown knew that this decision would leave the overnight crew without anyone qualified to oversee the reassembly and would force workers to "resolve mechanical problems beyond their training and experience." *Id*.

PAGE 3 – ORDER

- Bridgetown assigned Elizabeth (last name unknown) the responsibility of reassembling the jelly pump because she was the Line 5 operator, even though she had no training on the relevant processes, no access to an operator's manual, and no qualified supervisors to assist her. *Id.* ¶ 9.

- In 2015 or 2016, Bridgetown ordered Plaintiff to move a 100-pound piece of equipment despite that such work fell outside his job description. *Id.* ¶ 11. Plaintiff objected, but Bridgetown disregarded Plaintiff's objection, and Plaintiff was seriously injured while performing the work. *Id.* This incident was "an example" of a pattern of conduct by Bridgetown wherein Bridgetown regularly asked employees to perform work outside their training, expertise, or job description. *Id.* ¶¶ 11-13.

- When asked to assist in reassembling the jelly pump, Plaintiff "felt compelled to perform the work" or to risk losing his job. *Id.* ¶ 14.

- During a July 2021 Oregon OSHA inspection, Bridgetown employees told inspectors "that production pressure made it difficult to take required safety breaks" and that this had caused at least three heat stress incidents during the summer of 2021. *Id.* ¶ 22.

- A complaint alleging that Bridgetown directed employees to "reach into operating production equipment to prevent machine malfunctions" triggered another OR-OSHA investigation, during which an operator informed inspectors that "equipment lacked the arm locks and keys required for hazardous energy control compliance." *Id.* ¶ 24.

- Director of Operations Ethan Buckmier, Vice President of Human Resources Gina Delahunt, and Production Safety Leader Marc Barnachea represented Bridgetown at each of the above OR-OSHA inspections, as well as three others, and thus had "actual, documented knowledge" of OR-OSHA's findings. *Id.* ¶ 25.

PAGE 4 – ORDER

Plaintiff also describes the efforts that Bridgetown made to address each of its citations from OR-OSHA, which he describes as "only the minimum correction required." *Id*. ¶¶ 25-30.

**DISCUSSION**

**A.  Motion to Dismiss**

As the Court discussed in earlier orders in this case, to meet the intent-to-injure exception to the exclusivity provision of Oregon's worker compensation law, a plaintiff must allege facts sufficient to show that his injury resulted from "the deliberate intention of the employer to produce" injury. ORS § 656.156(2). "[T]here must be specific intent, and not merely carelessness or negligence, however gross." *Jenkins v. Carman Mfg. Co.*, 79 Or. 448, 454 (1916). "If defendant deliberately intended to wound plaintiff or his fellow workmen and intentionally used this broken [pump] as he would have used an axe or a club to produce the intended injury, it is liable; otherwise it is not." *Id*. at 453. Courts may infer specific intent from facts that show injury was certain to occur and that the employer knew of that certainty. *See, e.g.*, *Kilminster v. Day Mgmt. Corp.*, 323 Or. 618, 630-33 (1996).

Plaintiff's additional facts included in the SAC do not materially change the analysis that the Court applied in its previous orders, nor do they support a different conclusion. Plaintiff has not alleged sufficient facts to state a claim. Plaintiff's allegations respecting the lack of training, experience, and supervision of those tasked with reassembling the pump are not new. They merely add detail to the allegations about lack of supervision and training included in both the FAC and the original Complaint.

Further, Plaintiff's allegations about his injury in 2015 or 2016 at best show that Bridgetown may have exhibited a pattern of negligence, but ultimately there are irrelevant to the issue now before the Court. These allegations do not show that the circumstances surrounding the operation of the pump were certain to cause injury, let alone that Bridgetown knew of any

PAGE 5 – ORDER

such certainty. Similarly, the allegations regarding the OR-OSHA investigations provide more detail to the allegations that Plaintiff made in his earlier pleadings and continue to suggest negligence, but not an intent to injure. Finally, the allegation that Plaintiff felt compelled to work on the pump or risk losing his job may show Plaintiff's state of mind but does not show an intent to injure on Bridgetown's part. Even in combination with the rest of the SAC, these new factual allegations do not indicate that Bridgetown wielded the pump as it would have wielded a weapon, with the specific intent to harm Plaintiff. They show, at best, gross negligence, which is not enough to meet the narrow intent-to-injure exception under ORS § 656.156(2).

In his response to Bridgetown's Motion to Dismiss, Plaintiff largely repeats his realier arguments. Primarily, those arguments include that the SAC contains factual allegations sufficient to permit an inference that Bridgetown intended to harm Plaintiff and that the Court should refrain from considering Plaintiff's likelihood of success on his intent-to-injure theory. ECF 47 at 5-10. The Court but disagrees with Plaintiff that the SAC furnishes facts to permit an inference of intent-to-injure.

Additionally, Plaintiff contends that Defendant relies on two cases, *Jenkins* and *Heikkila v. Ewen Transfer Co.*, 135 Or. 631 (1931), that are of limited usefulness in resolving the instant motion because the courts in those cases evaluated whether the challenged complaints stated a claim for relief in the context of a demurrer, rather than a motion to dismiss. ECF 47 at 7. This procedural difference does not, however, change the underlying rule reflected not just in *Jenkins* and *Heikkila*, but in other cases as well, that the intent-to-injure exception is a narrow one that requires a showing of either (a) specific, deliberate intent to injure or (b) a certainty of injury. *See, e.g.*, *Kilminster*, 323 Or. at 630-33; *Duk Hwan Chung v. Fred Meyer, Inc.*, 276 Or. 809, 812-14 (1976); *Davis v. U.S. Emps. Council, Inc.*, 147 Or. App. 164, 168-69 (1997); *Goings v.*

PAGE 6 – ORDER

*Calportland Co.*, 280 Or. App. 395, 400-402 (2016); *Miller v. Goodyear Tire & Rubber Co.*, 434 F. Supp. 3d 869, 874-76 (D. Or. 2020). This is a high bar, and, even viewing the allegations in the light most favorable to Plaintiff, as the Court is doing, Plaintiff still has not alleged facts sufficient to clear it.

## B. Prejudice

Defendant asks for dismissal with prejudice. A dismissal with prejudice and without leave to amend is appropriate when further amendment would be futile. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Courts also dismiss complaints with prejudice after a plaintiff has been afforded an opportunity to amend and still fails to state a claim after amendment. See, e.g., *Stewart v. Mortg. Elec. Registration Sys., Inc.*, 2010 WL 1055131 (D. Or. Feb. 9, 2010), adopted 2010 WL 1054775 (D. Or. Mar. 19, 2010); *Morton v. Phoenix Police Dep't*, 2015 WL 1737667 (D. Ariz. Apr. 16, 2015); *Rodriguez v. Ampco Parking Sys.*, 2010 WL 3061600 (W.D. Wash. Aug. 2, 2010); *Gusman v. Mod. Adjustment Bur.*, 2011 WL 2580358 (C.D. Cal. June 29, 2011). Here, Plaintiff has had three opportunities to state a claim on which relief can be granted but has failed three times. Thus, the Court finds that the deficiency created by the missing element, Bridgetown's specific intent to harm Plaintiff, is incurable.

**CONCLUSION**

The Court GRANTS with prejudice Bridgetown's Motion to Dismiss. ECF 46.

**IT IS SO ORDERED.**

DATED this 29th day of May, 2026.

/s/ *Michael H. Simon*

Michael H. Simon
United States District Judge
